# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-52-GCM
# (3:12-cr-239-GCM-DCK-6)

| | |
|---|---|
| TOBY HUNTER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Between 2006 and 2012, pro se Petitioner Toby Hunter participated in a criminal enterprise with numerous other individuals. (Crim. Case No. 3:12-cr-239, Doc. No. 943 at 5: PSR). Members of the enterprise engaged in criminal activities, including securities fraud, bank fraud, wire fraud, and drug dealing. (Id.). Petitioner served as a promoter for the enterprise's investment-fraud operation. (Id.).

In December 2013, Petitioner pleaded guilty in this Court to one count of conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), pursuant to a written plea agreement. (Id., Doc. No. 422 at 1: Plea Agreement). Under that agreement, the Government agreed to dismiss three additional counts on which Petitioner had been indicted. (Id.). The parties also agreed jointly to recommend to this Court specific determinations under the United States Sentencing Guidelines. (Id. at 2). Among other things, the parties agreed that

1

"the amount of loss that was known to or reasonably foreseeable by the defendant was in excess of $2,500,000 but less than $7,000,000." (Id.). In exchange for the benefits that he received under the plea agreement, Petitioner agreed, among other things, to waive any right to challenge his conviction or sentence in a post-conviction action under 28 U.S.C. § 2255, or other authorities, on grounds other than ineffective assistance of counsel or prosecutorial misconduct. (Id. at 20).

Petitioner agreed that there were "no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in [the] Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." (Id. at 7). Both Petitioner and his attorney signed the plea agreement. (Id.). Magistrate Judge David S. Cayer accepted Petitioner's guilty plea after conducting a thorough colloquy under Federal Rule of Criminal Procedure 11. (Id., Doc. No. 505: Plea Tr.). During the colloquy, the Government described the terms of the agreement, including the recommendation of the loss amount, Petitioner's waiver of the right to contest his conviction, and the fact that there were no agreements, representations, or understandings between the parties other than those explicitly set forth in the agreement. (Id. at 9-10). Under oath, Petitioner stated that he understood and agreed with those terms. (Id. at 10). He affirmed that he was "in fact, guilty" of the count to which he was pleading guilty. (Id. at 7). He also explicitly informed the Court that no one had "threatened, intimidated, or forced [him] to enter a guilty plea" and that no one had made any promises of leniency outside of the plea agreement. (Id. at 11-12). Judge Cayer asked Petitioner if he was satisfied with the services of his attorney, and Petitioner replied, "Yes." (Id. at 11). When asked if there was anything he would like to say about the services of his attorney, Petitioner replied, "No." (Id.). Petitioner stated that he still wished to

plead guilty after hearing and understanding all parts of the plea colloquy proceeding. (Id. at 11).

After hearing from Petitioner and his attorney, Judge Cayer found that Petitioner's guilty plea was knowingly and voluntarily made. (Id. at 12). Nearly a year and a half later, before Petitioner's May 2015 sentencing, this Court reviewed the plea colloquy conducted by Judge Cayer. (Id., Sentencing Tr. at 2-3). Petitioner informed this Court that his answers to Judge Cayer's questions were true and correct when he gave them. (Id.). He also informed the Court that he answered the questions the way he did and would go forward with his plea because he committed the crimes charged. (Id.). This Court then affirmed Judge Cayer's acceptance of Petitioner's guilty plea, as well as Judge Cayer's finding that Petitioner's plea was knowingly and voluntarily made.

This Court sentenced Petitioner to 108 months in prison, at the low end of the range advised by the United States Sentencing Guidelines. (Id., Doc. No. 1003: Judgment). Although Petitioner's attorney initially filed objections to the presentence report, including to its determination of the loss and restitution amounts, (Id., Doc. No. 943 at 25; 27: PSR), he explicitly abandoned those objections at Petitioner's sentencing hearing. (Id., Sentencing Tr. at 4). This Court determined that Petitioner should receive an adjustment under the Sentencing Guidelines for acceptance of responsibility. (Id., Sentencing Tr. at 6); see U.S.S.G. § 3E1.1(a).

Petitioner did not appeal. On February 2, 2016, he filed the timely motion under 28 U.S.C. § 2255. Petitioner asserts three grounds in support of his motion under 28 U.S.C. § 2255. First, he contends that he was denied effective assistance of counsel. (Doc. No. 1 at 3). Second, he contends that this Court erred by determining the amount of loss attributable to him. (Id. at 4). Finally, he contends that this Court erred by ordering him to pay restitution. (Id.).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Claims of Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance

prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Although Petitioner numbers his allegations of ineffective assistance of counsel from one to seven, they collectively describe three theories. First, Petitioner alleges that his attorney did not adequately develop and pursue a trial strategy. (Doc. No. 1 at 3). Second, Petitioner alleges that his attorney coerced him into pleading guilty by "extortion, which involved the threat to prosecute the defendant's wife." (Id.). Finally, Petitioner alleges that his attorney was constitutionally deficient for omitting to challenge the loss amount attributable to Petitioner at sentencing. (Id.). The Court addresses each claim in turn.

**1. Petitioner's claim that his attorney did not adequately develop and pursue a trial strategy.**

Petitioner asserts five general allegations related to his claim that his counsel did not adequately develop and pursue a trial strategy. Petitioner alleges that his attorney did not "spend

sufficient time with defendant to prepare a defense"; refused to "challenge allegedly inculpatory prosecution evidence"; refused "to prepare a trial strategy"; refused to "identify witnesses or develop testimony"; and did not "possess the requisite skill" to defend him adequately. These allegations, collectively, fail as a matter of law for at least three reasons. First, Petitioner's allegations fail as a matter of law because they are conclusory. Indeed, the allegations consist entirely of five clauses within a single sentence, containing no specific facts. For instance, Petitioner does not identify what his attorney would have accomplished by spending additional time with him. He also does not identify what "inculpatory prosecution evidence" his attorney should have challenged. (Doc. No. 1 at 3). He does not identify any specific steps his counsel should have taken in developing a trial strategy, or why any strategy would have been necessary in light of the fact that he pleaded guilty. He also has not specified the witnesses for whom his attorney should have developed testimony, and he has not identified anything that his attorney's purported lack of skill prevented him from doing. Petitioner's conclusory assertions, unsupported by specific facts, are facially inadequate to entitle him to relief under Section 2255 or to an evidentiary hearing. United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004); Jackson v. United States, 638 F. Supp. 2d 514, 581 (W.D.N.C. 2009) (rejecting "bald assertions and conclusory allegations" as facially insufficient to support a claim on a motion under Section 2255).

Second, Petitioner's allegations fail as a matter of law because he pleaded guilty, and his allegations describe pre-plea conduct unrelated to the voluntariness of that plea. Because he pleaded guilty, Petitioner cannot escape his conviction unless he establishes that his guilty plea was unknowing or involuntary. "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591

6

F.3d 263, 279 (4th Cir. 2010). "Where the alleged missteps of counsel do not touch on whether the plea was knowing and voluntary," they do not provide grounds for relief from a guilty plea. Boyd v. United States, No. 3:14-cv-00594-MOC, 2015 WL 1897094, at *2 (W.D.N.C. Apr. 27, 2015).

Finally, Petitioner's theory of ineffective assistance of counsel fails on the merits. Petitioner pleaded guilty. He told this Court that he wished to plead guilty, that he was guilty, and that he was satisfied with the performance of his attorney. It is entirely reasonable for an attorney to decline to spend time developing a trial strategy, preparing witnesses, and challenging evidence, when his client has decided to plead guilty. Petitioner asserts that he expressed to his attorney that he was not guilty. (Doc. No. 1 at 16). However, this allegation is directly contradicted by what he told this Court under oath during his plea colloquy and again— more than one year later—before he was sentenced. His allegation is, accordingly, insufficient as a matter of law to entitle him to relief on a motion under Section 2255. United States v. Lemaster, 403 F.3d 216, 222-23 (4th Cir. 2005); see also United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003) (affirming a district court's rejection of a motion to withdraw a guilty plea based on a defendant's allegation that he lied during the plea colloquy).

**2. Petitioner's theory that he was threatened into pleading guilty.**

Petitioner next alleges that his attorney coerced him into pleading guilty by "extortion, which involved the threat to prosecute the defendant's wife." (Doc. No. 1 at 3). Petitioner contends that his attorney threatened that "if the defendant did not sign the offered plea, [Petitioner's] wife would be charged with crimes." (Id. at 26). He further alleges that his attorney "willfully participated along with the prosecution in a scheme to extort a plea from the defendant." (Id.).

7

Petitioner's allegations are directly contradicted by several statements he made under oath during his plea colloquy. That is, he stated that there were no agreements between him and the United States other than what was set forth in the plea agreement, contradicting his allegation about a side agreement related to the prosecution of his wife. He further stated under oath that nobody had threatened, intimidated, or forced him to enter a guilty plea. Finally, he stated that he was satisfied with his attorney. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 222-23 (affirming the rejection of a Section 2255 motion based on allegations that, among other things, the defendant was "threatened that he would be denied adequate medical care unless he pleaded guilty" that were directly contradicted by the petitioner's declarations during his plea colloquy). Petitioner has identified no extraordinary circumstances entitling him to escape his sworn statements. To the contrary, he affirmatively stood by those same statements more than a year later, before he was sentenced. In sum, Petitioner is not entitled to relief on his theory that he was threatened into pleading guilty.

**3. Petitioner's claim that his attorney was constitutionally deficient for declining to challenge the loss amount at Petitioner's sentencing.**

Petitioner next alleges that his attorney was ineffective for declining to challenge the loss amount at Petitioner's sentencing. Petitioner cannot establish that his attorney was ineffective for declining to challenge the amount of loss for at least three reasons. First, like several of Petitioner's other allegations, his allegation that "[c]ounsel refused to challenge the amount of loss attributable to the defendant or to present evidence to show that the government's allegation

of loss was plainly erroneous" is conclusory. He has not alleged any facts that, if proved, would establish that the loss amount found by the Court was erroneous. Second, Petitioner cannot establish that his attorney's decision not to challenge the loss amount was objectively unreasonable. Petitioner's plea agreement required him to recommend to the Court the loss amount that the Court found. See (Crim. Case No. 3:12-cr-239, Doc. No. 943 at 13: PSR). Contesting that amount would have placed the benefits that Petitioner received under the plea agreement at risk, and it was entirely reasonable for his attorney to decline to do so. Finally, Petitioner cannot show prejudice because he has not established a reasonable probability that he would have prevailed on any objection to the loss amount found by the Court. To the contrary, Petitioner's agreement to the loss amount in his plea agreement and during the plea colloquy suggests that he would not have prevailed, and might well have lost the benefit that the Court afforded him under the Sentencing Guidelines for acceptance of responsibility had he challenged that amount.

**B. Petitioner's challenge to the amount of loss for which the Court found him responsible at sentencing.**

Petitioner next attempts to challenge directly the amount of loss for which the Court found him responsible at sentencing. Petitioner's direct challenge to the amount of loss for which this Court found him responsible under the Sentencing Guidelines fails for at least five reasons. First, because his theory is not based on prosecutorial misconduct or ineffective assistance of counsel, it falls within the scope of the collateral-attack waiver that Petitioner knowingly and voluntarily entered as part of his plea agreement. Second, because he did not raise the issue during his criminal case or on direct appeal, it is subject to a procedural bar that Petitioner does not even purport to overcome. See Jackson, 638 F. Supp. 2d at 601. Third, this

9

allegation is also conclusory, failing to specify how this Court purportedly erred.  Fourth, the Sentencing Guidelines error Petitioner alleges is not cognizable in a motion under 28 U.S.C. § 2255 because a "misapplication of the sentencing guidelines does not amount to" the kind of "miscarriage of justice" required for a non-constitutional error to be cognizable on collateral review.  United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015).  Finally, Petitioner's theory is meritless because the undisputed presentence report was sufficient to support this Court's finding of the loss amount.  FED. R. CRIM. P. 32(i)(3)(A) (The Court "may accept any undisputed portion of the presentence report as a finding of fact.").

### C. Petitioner's challenge to the amount of restitution he was required to pay.

Petitioner also brings a challenge to the amount of restitution he was required to pay.  This claim fails for the same reasons that Petitioner's challenge to this Court's loss-amount calculation fails.  Like his loss-amount challenge, Petitioner's restitution challenge fails because it (1) falls within the scope of Petitioner's collateral-attack waiver; (2) is subject to the procedural bar that applies to claims not raised during a criminal case or on direct appeal; (3) is conclusory, failing to specify how the district court erred; (4) is not cognizable in a motion under 28 U.S.C. § 2255 because it is not a constitutional error or "fundamental defect that inherently results in a complete miscarriage of justice," Foote, 784 F.3d at 940; and (5) is meritless because the undisputed presentence report was sufficient to support this Court's restitution award.  See (Crim. Case No. 3:12-cr-239, Doc. No. 943 at 21-22: PSR); FED. R. CRIM. P. 32(i)(3)(A).

Petitioner's challenge to this Court's restitution award is also not cognizable in a motion under section 2255 for the additional reason that it "does not affect [Petitioner's] custody." Carpenter v. United States, No. 3:15-CV-161, 2015 WL 5254185, at *4 (W.D.N.C. Sept. 9, 2015).  Section 2255 applies to "a prisoner in custody" who is "claiming the right to be

10

released." 28 U.S.C. § 2255(a). A restitution claim does not seek release from custody and, accordingly, cannot be brought in a motion under Section 2255. <u>Mamone v. United States</u>, 559 F.3d 1209, 1211 (11th Cir. 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 13, 2016

Graham C. Mullen
United States District Judge